# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DONNIE HOLCOMB, WIDOW OF**
**JAMES E. HOLCOMB,**
**Claimant Below, Petitioner**

**vs.)     No. 17-0915**  (BOR Appeal No. 2051964)
                         (Claim No. 2015010289)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMMISSIONER**
**Commissioner Below, Respondent,**

**and**

**OILTANKING HOUSTON, INC**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donnie Holcomb, widow of James E. Holcomb, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.[1]

The issue on appeal is dependent's benefits. On April 21, 2015, the claims administrator denied Ms. Holcomb's claim for dependent's benefits. The Office of Judges affirmed the claims administrator in its May 3, 2017, Order. The Order was affirmed by the Board of Review on September 15, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] No response was filed on behalf of Oiltanking Houston, Inc.

1

James Holcomb, the decedent, worked as a coal miner for twenty-nine years. He stopped working in March of 1998 due to breathing problems. On August 10, 1998, Manu Patel, M.D., diagnosed simple pneumoconiosis with p/p opacities of 1/0 profusion in all zones and mild chronic obstructive pulmonary disease based on chest x-rays. On August 24, 1998, D. L. Rasmussen, M.D., performed an independent medical evaluation of Mr. Holcomb. He noted that Mr. Holcomb smoked one pack of cigarettes per day from 1967 to 1995. Spirometric studies revealed severe, irreversible obstructive ventilatory impairment. Mr. Holcomb's maximum breathing capacity was markedly reduced. However, the total lung capacity was normal. Dr. Rasmussen found that it was medically reasonable to conclude that Mr. Holcomb had coal workers' pneumoconiosis due to his work in the mines. The pulmonary impairment was due to his cigarette smoking and the exposure to coal dust. The exposure to coal dust was a contributing factor in the disabling respiratory insufficiency.

Mr. Holcomb submitted a claim for workers' compensation benefits, for which no award was granted because the Occupational Pneumoconiosis Board was not able to make a finding of occupational pneumoconiosis. However, the Office of Judges reversed the Division's Order granting no award and granted a 30% permanent partial disability award to the decedent on September 9, 1999.

Mr. Holcomb passed away on September 4, 2014. His death certificate signed by R. M. Mace, M.D., lists the immediate cause of death as coal workers' pneumoconiosis. On September 22, 2014, Ms. Holcomb filed this claim for decedent's benefits stating that Mr. Holcomb worked in the mines for twenty-nine years, that he was disabled at the age of forty-nine due to his breathing condition, that he had been on oxygen for sixteen years, and that he had been bed ridden for four years prior to his death.

The Occupational Pneumoconiosis Board issued its findings on March 10, 2015. It found that occupational pneumoconiosis was not a material factor in the death of Mr. Holcomb. The x-rays reviewed by the Board showed insufficient pulmonary parenchymal or pleural disease to establish a diagnosis of occupational pneumoconiosis. Based on the Board's findings, the claims administrator denied the claim on April 21, 2015.

In a letter dated May 4, 2016, Dr. Mace stated that it was his opinion that Mr. Holcomb had occupational pneumoconiosis as the result of his twenty-nine year history of working as a coal miner. In his opinion, Mr. Holcomb's physical condition was severely compromised and became progressively worse as a result of the occupational pneumoconiosis. The respiratory compromise became so severe that it eventually played a role in Mr. Holcomb's death. The inability to perform normal activities of daily living contributed to the inability to properly clear secretions from his lungs. In Dr. Mace's opinion, Mr. Holcomb died as the result of complications resulting from the occupational pneumoconiosis. In a separate letter dated May 4, 2016, Vonda McElwain, D.O., opined that Mr. Holcomb had a history of pneumoconiosis or black lung which contributed to his death.

Frank Scattaregia, M.D., performed a medical records review and prepared a report on May 27, 2016, in which he opined that Mr. Holcomb's occupational pneumoconiosis played a material role in his death. Dr. Scattaregia's opinion was based on the x-ray diagnosis, the severe pulmonary problems, and the active care and treatment for pneumoconiosis that Mr. Holcomb received.

On October 27, 2016, Gregory Fino, M.D., prepared a report after a medical records review. In his opinion, Mr. Holcomb died of end-stage chronic obstructive pulmonary disease. A chest x-ray from August 25, 2014, showed "significant interstitial bilateral abnormalities" that were not seen in the 2010 chest x-ray. Therefore, he did not believe they could be the result of coal dust inhalation. He found no evidence of occupational pneumoconiosis. In his opinion, coal dust was not a material contributing factor in Mr. Holcomb's death. Cigarette smoking-induced lung disease caused the death of Mr. Holcomb.

A hearing was held before the Office of Judges on April 5, 2017. Johnsey Leef, Jr., M.D., Jack Kinder, M.D., and Mallinath Kayi, M.D., of the Occupational Pneumoconiosis Board, testified. Dr. Leef diagnosed chronic obstructive pulmonary disease. He could not make a diagnosis of occupational pneumoconiosis. Dr. Kinder agreed with the opinion of Dr. Leef. In Dr. Kinder's opinion, the cause of death was not due to pneumoconiosis and it did not contribute to the death. Dr. Kinder noted Mr. Holcomb was hospitalized and awaiting discharge at the time of his death. He was initially admitted for shortness of breath, chronic obstructive pulmonary disease, and gastrointestinal bleeding. Dr. Kinder believed that the breathing problems Mr. Holcomb had in the final days of his life were likely due to the amount of blood thinner he was taking causing severe blood thinness. Moreover, the medical records were not helpful in identifying a cause of death. There was not enough information, either pathological or from a CAT scan, to make a finding that the occupational pneumoconiosis was fatal. In Dr. Kinder's opinion, it was very hard to determine a cause of death because it was difficult to draw conclusions as to what happened at the time of death. Dr. Kayi agreed with the opinions of Drs. Leef and Kinder.

The Office of Judges affirmed the claims administrator's denial of benefits in its May 3, 2017, Order. It noted the claims administrator denied the claim for dependent's benefits based on the findings of the Occupational Pneumoconiosis Board. It reviewed all of the medical evidence and determined that it was more likely than not that the occupational pneumoconiosis did not contribute in a material way to the death of Mr. Holcomb. On September 15, 2017, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Deference should be given to the opinion of the Occupational Pneumoconiosis Board. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W.Va. 420, 664 S.E.2d 761 (2008). The Occupational Pneumoconiosis Board determined that occupational pneumoconiosis was not a material cause of Mr. Holcomb's death. The members of the Occupational Pneumoconiosis Board agreed that Mr. Holcomb had chronic obstructive pulmonary disease. It was unable to make a diagnosis of occupational pneumoconiosis. Based on

the limited medical records, Mr. Holcomb did not appear to be in respiratory distress in the hours before he died. It is unknown what occurred in the time between the decision to release Mr. Holcomb from the hospital and his death seven hours later. The evidence does not support an award of dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker